### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

#### CASE NO.: 1:21-cv-21906-GAYLES/TORRES

C. MAURICIO GUTIERREZ POLANCO,
and VILMA KTOMA,

      Plaintiffs,

v.

RICK A. FORD and
KNIGHT TRANSPORTATION, INC.,

      Defendants.

_____/

### <u>ORDER</u>

**THIS CAUSE** comes before the Court on Plaintiffs', C. Mauricio Gutierrez Polanco and

Vilma Ktoma, Motion for Remand, [ECF No. 10], and Amended Motion for Remand, [ECF No.

14] (collectively, the "Motions"). The Court has considered the Motions and the record and is

otherwise fully advised. For the reasons that follow, the Motions are denied.

### BACKGROUND

On March 25, 2021, Plaintiffs commenced this action against Defendants Rick A. Ford

("Ford") and Knight Transportation, Inc. ("Knight"), in the Eleventh Judicial Circuit in and for

Miami-Dade County, Florida. [ECF No. 1-1]. The Complaint raises claims of negligence, vicarious

liability, and loss of consortium related to a motor vehicle accident that occurred on January 30,

2020. *Id.* On May 21, 2021, Defendants removed this action based on diversity jurisdiction

pursuant to 28 U.S.C. §§ 1332(a)(1) and (c)(1). [ECF No. 1]. In their Notice of Removal,

Defendants state that the amount in controversy exceeds $75,000 and that the parties are diverse

because they are citizens of different states. *Id.* at 4–5. As to the amount in controversy, Defendants state that Plaintiffs' counsel sent Defendants' counsel an email indicating that Plaintiffs' post-suit demand "is an amount in controversy that well exceeds $75,000."[1] *Id.* at 2 ¶ 8. As to diversity, Defendants state that the parties are diverse because Plaintiffs are residents of Miami-Dade County, Florida, Ford is a resident of Georgia, and Knight is incorporated and maintains its principal place of business in Arizona. *Id.* at 2 ¶ 5; 4–5 ¶¶ 20–21.

On June 3, 2021, Plaintiffs filed a Notice of Dropping Party as to Defendant Ford, [ECF No. 7], and the Court dismissed Ford from the case on June 4, 2021, [ECF No. 8]. On June 8, 2021, Plaintiffs filed their Motion for Remand, [ECF No. 10], and on June 28, 2021, they filed their Amended Motion for Remand to include the required Certificate of Conferral pursuant to Local Rule 7.1(a)(3), [ECF No. 14]. In their Motions, Plaintiffs argue that complete diversity no longer exists because "both the Plaintiffs and the remaining Defendant, [Knight], are Florida residents." [ECF No. 10 at 2 ¶ 9]; [ECF No. 14 at 2 ¶ 10]. Specifically, Plaintiffs allege that Knight has its principal place of business in Lakeland, Florida, and has its registered agent residing in Plantation, Florida. [ECF No. 10 at 2–3 ¶ 10]; [ECF No. 14 at 3 ¶ 11]. Plaintiffs argue that this is further supported by Knight listing a Florida address as it principal address with the Florida Department of State, Division of Corporations. [ECF No. 10 at 2–3 ¶ 10]; [ECF No. 14 at 3 ¶ 11].

On December 16, 2021, the Court required the parties to submit supplemental briefings specifically identifying each party's state of citizenship because Defendants' Notice of Removal and Plaintiffs' Motions failed to do so. [ECF No. 30]. On December 23, 2021, Plaintiffs submitted their Supplemental Reply, [ECF No. 31], and on December 27, 2021, Knight submitted its

---

[1] Defendants' Notice of Removal fails to provide the amount Plaintiffs provided in their post-suit demand and fails to attach evidence to establish that the amount in controversy does in fact exceed $75,000. However, Defendants indicate in their Notice of Removal that they will provide such evidence for an *in camera* inspection at the Court's request.

Supplemental Reply. [ECF No. 32]. In their Supplemental Reply, Plaintiffs state that at all material times, they "were citizens of the State of Florida" and Knight "is a foreign corporation with its principal place of business in Lakeland, Florida, and is a citizen of the State of Florida." [ECF No. 31 at 31 ¶¶ 1–2]. In its Supplemental Reply, Knight states that it "is a citizen of Arizona, [and] Plaintiffs . . . are Florida citizens . . . ." [ECF No. 32 at 5]. Additionally, Knight states that "its corporate activities take place in Arizona, its offices and operations are located in Arizona, and its principal place of business is in Arizona." *Id.*

## LEGAL STANDARD

Title 28, United States Code, Section 1441 permits a defendant to remove to federal court a civil case filed in state court if the federal court has original jurisdiction. A district court's original jurisdiction is limited to one of three types: "(1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016) (quoting *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997)). Federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists over a civil action in which the parties' citizenship is fully diverse and the amount in controversy exceeds $75,000, "assessed at the time of removal." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009); *see also* 28 U.S.C. § 1332(a). "The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction," *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012), and bears the burden of demonstrating that removal is proper, *see Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

Upon removal, 28 U.S.C. § 1447(c) "implicitly recognizes two bases upon which a district

court may—and in one case must—order a remand: when there is (1) a lack of subject matter jurisdiction or (2) a defect other than a lack of subject matter jurisdiction." *Hernandez v. Seminole Cnty.*, 334 F.3d 1233, 1236–37 (11th Cir. 2003) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1252–53 (11th Cir. 1999)). A district court considering a timely-filed motion for remand "has before it only the limited universe of evidence available when the motion to remand is filed—i.e., the notice of removal and accompanying documents." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213–14 (11th Cir. 2007). However, "the district court when necessary [may] consider post-removal evidence in assessing removal jurisdiction," such as "to establish the facts present at the time of removal." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 773 (11th Cir. 2010) (quoting *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 946, 949 (11th Cir. 2000)).

When considering a motion for remand, the district court must "'strictly construe[] the right to remove' and apply a general 'presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand.'" *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (quoting *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001)). In so doing, a district court "should be equally vigilant to protect the right to proceed in the [f]ederal court as to permit the state courts, in proper cases, to retain their own jurisdiction." *Pretka*, 608 F.3d at 766 (quoting *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907)). If the removing party fails to bring forth sufficient evidence to establish that removal is proper, "neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Lowery*, 483 F.3d at 1214–15.

## ANALYSIS

The parties do not dispute that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Rather, the parties dispute whether there is complete diversity of citizenship among the

4

remaining parties—Plaintiffs and Defendant Knight. Knight argues that complete diversity of citizenship remains because its incorporation and principal place of business are in Arizona. Because "[c]omplete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff," *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005), the Court will consider each party's citizenship in turn. After consideration of the parties' citizenship, the Court finds that the remaining parties in this action are completely diverse and, therefore, diversity jurisdiction exists over this matter.

### I.      Plaintiffs C. Mauricio Gutierrez Polanco and Vilma Ktoma

Plaintiffs are natural persons. Therefore, "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Moreover, "citizenship should be 'distinctly and affirmatively alleged.'" *Kantrow v. Celebrity Cruises Inc.*, 533 F. Supp. 3d 1203, 1214–15 (S.D. Fla. 2021) (*Toms v. Country Quality Meats, Inc.*, 610 F.2d 313, 316 (5th Cir. 1980)). "Residence alone is not enough." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. . . . A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning . . . ." *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (per curiam) (internal quotation marks omitted) (quoting *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)). *See also Wells Fargo Bank, N.A. v. Bonaby*, No. 17-CIV-20266, 2017 WL 364460, at *2 (S.D. Fla. Jan. 25, 2017) (noting that citizenship "requires both residence in a state and an intention to remain there indefinitely" (citation and internal quotation marks omitted)).

Here, the parties do not dispute that Plaintiffs are citizens of the State of Florida. [ECF No. 31 at 31 ¶ 1]; [ECF No. 32 at 5]. Thus, for purposes of diversity jurisdiction, Plaintiffs are citizens of Florida.

## II. Defendant Knight

Defendant Knight is a corporation. For diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). To determine a corporation's principal place of business, the Court applies "a simple rule wherein a corporation's principal place of business is determined based on where the corporation's 'nerve center' is located." *Holston Invs. Inc. B.V.I. v. LanLogistics Corp.*, 677 F.3d 1068, 1071 (11th Cir. 2012) (per curiam) (discussing *Hertz Corp. v. Friend*, 559 U.S. 77 (2010)). Under the "nerve center" test:

> "[P]rincipal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. . . . And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination . . . and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion). . . . A corporation's "nerve center," usually its main headquarters, is a single place. The public often (though not always) considers it the corporation's main place of business. And it is a place within a State.

*Hertz Corp.*, 559 U.S. at 92–93. *See also id.* at 97 ("[T]he courts should . . . take as the 'nerve center' the place of actual direction, control, and coordination . . . ."). A corporation's "nerve center" is contrasted with its "general business activities," which "more often lack a single principal place . . . . That is to say, the corporation may have several plants, many sales locations, and employees located in many different places." *Id.* at 95.

Here, the parties do not dispute that Knight is a foreign corporation, *see* [ECF No. 1 at 4 ¶ 18; 13 ¶ 4], and the Notice of Removal states that Knight is incorporated under the laws of the State of Arizona, *see* [ECF No. 1-4]. The parties' dispute turns on whether Knight's principal place of business is in Arizona or Florida. Knight maintains that its principal place of business is in Arizona and mainly relies on two sources to support its assertion. [ECF No. 12 at 4–5]. First, Knight relies on a 2020 Annual Report from the Arizona Corporation Commission that reflects that Knight's directors—as well as its agent and place of business—are all in Phoenix, Arizona. [ECF No. 1-5]. Second, Knight relies on the Affidavit of Michelle Carapellese, its Legal Assistant, in which she states that: (1) Knight "conducts several executive and administration functions at its Arizona headquarters, including board meetings, equipment purchasing, information technology development and support, accounting, billing, and payroll;" and (2) Knight's "corporate officers direct, control, and coordinate Knight's activities through its Arizona headquarters." [ECF No. 12-1 at 2 ¶¶ 9–10].

Plaintiffs argue that diversity jurisdiction does not exist because they and Defendant Knight are "Florida residents." [ECF No. 10 at 2 ¶ 9]. According to Plaintiffs, Knight "has its principal place of business in Lakeland, Florida, and has its registered agent residing in Plantation, Florida." *Id.* at 2–3 ¶ 10. Plaintiffs further note that they "successfully served [Knight's] registered agent . . . [in] Plantation, [Florida]." *Id.* at 3 ¶ 11. Plaintiffs also argue that "[s]ince at least 2018, [Knight] has listed its principal address with the Florida Department of State, Division of Corporations as 4045 Old Tampa Highway, Lakeland, Florida 33811 . . . ." *Id.* at 2–3 ¶ 10. To support their assertions, Plaintiffs attach Knight's Florida Foreign Profit Corporation Annual Reports for 2018, 2019, 2020, and 2021.[2] *See id.* at 25–28.

---

[2] The Florida Foreign Profit Corporation Annual Reports reflect that Knight's "Current Principal Place of Business" is in Lakeland, Florida, "Current Mailing Address" is in Phoenix, Arizona, "Current Registered Agent" is in Plantation,

The Court is unpersuaded by Plaintiffs' arguments and the evidence they provide. The evidence Plaintiffs rely on—as well as the information contained within those documents—is required by the State of Florida in order for Knight to transact business in Florida. This is because a "foreign corporation may not transact business in this state until it obtains a certificate of authority . . . ." Fla. Stat. § 607.1501(1). Foreign corporations that are authorized to transact business in Florida are required to "designate and continuously maintain" in the State of Florida a registered office and a registered agent "whose business address is identical to the address of the registered office." Fla. Stat. § 607.1507(1). Moreover, the "mere filing of a form . . . listing a corporation's 'principal executive offices' [is], without more, insufficient to establish a corporation's principal place of business because it would readily permit jurisdictional manipulation . . . ." *Wylie v. Red Bull N. Am., Inc.*, 627 F. App'x 755, 758 (11th Cir. 2015) (per curiam) (internal quotation marks omitted) (quoting *Hertz Corp.*, 559 U.S. at 97).

Additionally, "[h]aving a registered agent in a state does not make the agent's corporation a citizen of that state . . . ." *Sparger v. Newmar Corp.*, No. 12-CIV-81347, 2013 WL 12084297, at *2 (S.D. Fla. Jan. 31, 2013). "The location of a registered agent would only be considered for diversity jurisdiction purposes if the principal place of business had to be determined by looking at the 'total activities' of the corporation." *Green v. Aramark Food & Support Servs. Grp., Inc.*, No. 15-CIV-24599, 2016 WL 7508245, at *1 (S.D. Fla. Feb. 5, 2016) (citation omitted). The test, however, is Knight's "nerve center"—"where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp.*, 559 U.S. at 92–93. Plaintiffs fail to bring forth any evidence that indicates that Knight's officers "direct, control, or coordinate" corporate activities from Florida. *See id.*

---

Florida, and the President/Chief Executive Officer and Secretary/Chief Financial Officer are in Phoenix, Arizona. [ECF No. 10 at 25–28].

The record before the Court indicates that Knight's principal place of business is in Arizona. First, the various state documents from Arizona and Florida that the parties rely on indicate that Knight's officers and directors are located in Phoenix, Arizona. *See, e.g.*, [ECF No. 1-5]; [ECF No. 10 at 25–28]; [ECF No. 12-2]. Second, Michelle Carapellese's Affidavit attests that Knight's headquarters are in Arizona. *See* [ECF No. 12-1 at 2 ¶ 7]. Third, her Affidavit states that Knight conducts "several executive and administration functions" in Arizona and that its "corporate officers direct, control, and coordinate Knight's activities through tis Arizona headquarters." *Id.* at 2 ¶¶ 9–10. Plaintiff has not adequately rebutted those statements. Therefore, the Court finds that Knight has met its burden of establishing that it is an Arizona corporation with its principal place of business in Arizona. Because Plaintiffs are citizens of Florida and Knight is an Arizona corporation with its principal place of business in Arizona, complete diversity exists among the parties. Therefore, the Motions shall be denied.

### III.    Plaintiffs' Failure to Comply with Local Rule 7.1(a)(3)

Knight points out that Plaintiffs failed to comply with Local Rule 7.1(a)(3). Not only did Plaintiffs' initial Motion completely fail to comply with this Rule, Plaintiffs' attempt to rectify their error also did not comply with the Local Rule. Under Local Rule 7.1(a)(3), a failure to comply may be a sufficient reason to deny a motion. While that is not true when the issue is subject matter jurisdiction, Plaintiffs are warned that future filings must comply with the Local Rules. *See Valadares v. Praetorian Ins. Co.*, No. 16-CIV-21678, 2017 WL 272310, at *2 (S.D. Fla. Jan. 20, 2017).

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      Plaintiffs', C. Mauricio Gutierrez Polanco and Vilma Ktoma, Motion for Remand, [ECF No. 10], is **DENIED**.

2.      Plaintiffs', C. Mauricio Gutierrez Polanco and Vilma Ktoma, Amended Motion for Remand, [ECF No. 14], is **DENIED**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 7th day of January, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE